# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 08-00269-01-02-03-06-07 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| TANDY W. MCELWEE, JR., AVA CATES MCELWEE, WENDY KATHLEEN BENSON CHRISS, SUSAN HAWN HOTARD, AND CARLA HUFF | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court are Motions in Limine to Exclude the Testimony of Dr. Michael Fleming (Record Documents 146 and 147) filed by defendants Tandy W. McElwee, Jr. ("Dr. McElwee") and Wendy Kathleen Benson Chriss ("Chriss").[1] The motions were adopted by defendants Ava Cates McElwee ("McElwee"), Carla Huff ("Huff"), and Susan Hawn Hotard ("Hotard"). See Record Documents 152, 155-158. The Government opposed the motion. See Record Document 154. Neither Dr. McElwee nor Chriss filed a reply. For the reasons that follow, the Motions in Limine are **DENIED**.

Dr. McElwee, Chriss, McElwee, Huff, and Hotard (hereinafter referred to as "the defendants") seek to exclude the testimony of Dr. Michael Fleming ("Dr. Fleming"), the Government's expert, on three grounds:

1. the Government did not comply with the provisions of Rule 16(a)(1)(G);

2. Dr. Fleming is not board certified in the field practiced by Dr. McElwee for thirty years; and

3. any probative value is substantially outweighed by the prejudicial effect.

---

[1]The motions filed by Dr. McElwee and Chriss are identical.

Record Document 146-2 at 2. The Government opposed the motions, specifically rebutting each of the grounds mentioned above, and also provided a supplemental notice of Dr. Fleming's anticipated testimony. See Record Document 154, Exhibit 3.

**Federal Rule of Criminal Procedure 16(a)(1)(G)**

Rule 16(a)(1)(g) provides:

> At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. . . . The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

F.R.Cr.P. 16(a)(1)(G). The defendants argued that the Government has not complied with the aforementioned rule, as its report gave no basis for Dr. Fleming's conclusions/professional opinions and did not list the materials/sources consulted in support of his opinions. See Record Documents 146 & 147. Conversely, the Government maintained that its report complied with Rule 16(a)(1)(G)'s "bases and reasons" requirement by virtue of Dr. Fleming's curriculum vitae, which set forth his years of practice, continuing duties as a medical educator, and articles written and speeches given by him. See Record Document 154. The Government also supplemented its Rule 16 notice, specifically outlining Dr. Fleming's review of patient charts and his conclusions based on such review; Dr. Fleming's professional opinion regarding hydrocodone addiction; and Dr. Fleming's training in obstetrics, gynecology, and pain management practices. See id., Exhibit 3.

The Court has reviewed the record in this matter and finds no violation of Rule 16(a)(1)(G)'s notice requirements. In U.S. v. Lipscomb, 539 F.3d 32, 37-38 (1st Cir. 2008), the defendant raised a Rule 16 objection based on the Government's alleged failure to

provide notice regarding the bases for the witnesses' ultimate opinions. The district court overruled the objection. On appeal, the First Circuit held that the Government provided sufficient notice to comply with Rule 16. See id. at 38. The court reasoned:

> The Government's notice, while by no means detailed, was enough to satisfy the [Rule 16] requirements. The Government informed defense counsel that the officers would be testifying on the basis of their "training and experience." The notice clearly stated that the officers' testimony would make conclusions regarding the presence of firearms and the connection between the quantity of crack cocaine seized from the defendant and drug distribution, and that those conclusions were based on the officers' experience working in the police department. The inferential step necessary to go from the notice provided by the Government to the actual testimony given at trial is not one requiring more notice. Given that the defense had full notice of the actual opinions to which the detectives intended to testify, we are unpersuaded by the defendant's criticism of the lack of detail regarding the bases for those opinions. In the factual context of this case, we conclude that the proffered notification-that the testimony would be based on knowledge gained from formal training and years of experience as police officers-is sufficient.

Id. Here, as in Lipscomb, the Government's January 30, 2009 report gave full notice of Dr. Fleming's actual opinions to which he intends to testify and easily evidenced that his opinions were the result of years of practice, his continuing duties as a medical educator, and his general knowledge from training and experience. See Record Document 154, Exhibits 1 and 2. Moreover, in its August 30, 2009 supplemental report, the Government specifically outlined Dr. Fleming's review of patient charts and his training in obstetrics, gynecology, and pain management practices. See id., Exhibit 3. Defense counsel in this case will also be free to test the merit of Dr. Fleming's expert testimony through focused cross-examination.[2] Accordingly, in this instance, the Government's Rule 16(a)(1)(G) notice was sufficient.

---

[2]Defense counsel have not specifically alleged information regarding the bases for the Dr. Fleming's ultimate opinions that is essential, but has not been provided, to the cross-examination of Dr. Fleming.

**Dr. Fleming's Qualifications**

The defendants argue that Dr. Fleming, a family practitioner, is not qualified to opine on the usual course of professional practice of an obstetrician/gynecologist. See Record Document 146 & 147. The Government contended "that the expert testimony will not be of complicated care known only to doctors in the obstetrician/gynecologist field." Record Document 154 at 3. Rather, according to the Government, Dr. Fleming's testimony will be general to the care and standards of doctors in any field. See id. The Government further noted that Dr. Fleming is a family practitioner with training in obstetrics and gynecology, delivering over 500 babies in his career. See id. Dr. Fleming also has expertise in the area of pain management, as he teaches this topic to physicians in continuing medical education seminars. See id. at 3-4.

The record in this case clearly establishes that Dr. Fleming, as part of his family practice training, received training in obstetrics and gynecology and that he has delivered over 500 babies during the course of his career. See id., Exhibit 3. He also currently serves as Chief Medical Officer for Antidote Education Company and routinely provides continuing medical education to physicians in areas such as pain management practices. See id. Dr. Fleming has also been qualified as an expert three times in federal court. See id. Accordingly, the Court finds that Dr. Fleming possesses the requisite knowledge, skill, experience, training, and education under Federal Rule of Evidence 702 to offer the challenged expert testimony in this case.

**Federal Rule of Evidence 403**

Finally, pursuant to Rule 403,[3] the defendants argue that any probative value of Dr.

---

[3]Rule 403 states:

Fleming's testimony is substantially outweighed by the prejudicial effect. See Record Documents 146 & 147. This general and somewhat vague assertion appears to relate to the defendants' contention that "deviation from a suggested standard [of care] is a daily occurrence due to the dynamics of medicine." Record Document 146-2 at 3.

The Court finds the defendants' Rule 403 argument unsupported and unpersuasive. First, the defendants have failed to clearly articulate the particular evidence they contend is unduly prejudicial. Further, their contention that "the stressors of an active, obstetric practice " resulted in his deviation from "some artificially created guideline[s]" is no more than a defense argument, not a basis for the exclusion of Dr. Fleming's testimony, which again will be subject to vigorous cross-examination. See Record Document 154 at 5.

Accordingly, the Motions in Limine to Exclude the Testimony of Dr. Michael Fleming (Record Documents 146 and 147) filed by Dr. McElwee and Chriss, and adopted by defendants McElwee, Huff, and Hotard, be and are hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 9th day of September, 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.